UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LARRY PORTER,

                          Petitioner,

                v.                                  9:07-CV-490
                                                                 (LEK/GJD)

DAVID NAPOLI,

                          Respondent.

APPEARANCES:                          OF COUNSEL:

LARRY PORTER
88-A-4542
Petitioner *pro se*

LAWRENCE E. KAHN, United States District Judge

**DECISION AND ORDER**

      By Order dated May 24, 2007, the Court directed Petitioner Larry Porter to file an amended petition because his original petition did not include sufficient information. See Dkt. No. 3. In compliance with that Order, Petitioner submitted an amended petition, Dkt. No. 4, which is currently before the Court for its review.

      Petitioner complains about a judgment of conviction rendered in Washington County Court, wherein a jury found him guilty of two counts of assault in the second degree. See id. at 1-2. As a result of these convictions, the trial court sentenced Petitioner to a term of seven years imprisonment. Id. at 1. The Appellate Division, Third Department, affirmed his convictions, and the Court of Appeals denied Petitioner leave to appeal on July 25, 2003. Id. at 3. Petitioner alleges that he filed a motion pursuant to New York State Criminal Procedure Law § 440.10 ("CPL 440 motion") with the trial court on April 14, 2006. Id. at 3. While it is unclear if or

when Petitioner received a decision from the trial court regarding his CPL 440 motion,[1] Petitioner alleges that he sought leave to appeal his CPL 440 motion to the Appellate Division, Third Department, which denied leave to appeal on April 13, 2007.  Id at 3-4.

Section 2244(d)(1) of Title 28 of the United States Code provides that federal habeas petitions challenging a judgment of a state court are subject to a one-year statute of limitations. Specifically, § 2244(d) provides that

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] When asked to provide the result, and date thereof, for his CPL 440 motion in the trial court, Petitioner simply states "NONE." See Dkt. No. 4 at 3.

28 U.S.C. § 2244(d).

A judgment of conviction becomes final at the conclusion of the ninety days during which the party could have sought *certiorari* in the United States Supreme Court.  See Hughes v. Irvin, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); Allen v. Hardy, 478 U.S. 255, 258 n.1 (1986) (holding that a decision becomes final "'where . . . the availability of appeal [is] exhausted, and the time for petition for *certiorari* ha[s] elapsed'").[2]

Thus, Petitioner's conviction became "final" for purposes of the AEDPA on or about October 23, 2003, and the one-year statute of limitations began to run on that date.  Since Petitioner did not file any state-court challenges **within the one year following October 23, 2003**, Petitioner's statute of limitations expired on or about October 23, 2004.[3]  Consequently, the present action, which Petitioner first signed on April 27, 2007,[4] is time-barred.[5]

---

[2] Petitioner alleges that he did not seek *certiorari* in the United States Supreme Court. Dkt. No. 4 at 3.

[3] The fact that Petitioner filed a CPL 440 motion, from which the Appellate Division, Third Department denied leave to appeal on April 13, 2007, does not overcome the fact that his petition in this Court is time-barred.  The filing of a state-court collateral challenge **after** a petitioner's federal statute of limitations has expired does **not** restart the statute of limitations for filing a federal habeas petition.  See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (holding that AEDPA's tolling provision does not reset date from which the one-year limitations period begins to run).

[4] See Dkt. No. 1 at 7.

[5] The Court notes that § 2244(d)(1)(B)-(D) are inapplicable to this action for the following reasons: (1) Petitioner presents no evidence that governmental action created any impediment that prevented him from filing his § 2254 petition; (2) Petitioner does not allege that he is challenging his convictions based upon a newly recognized right; and (3) Petitioner does not allege newly discovered facts.  See 28 U.S.C. § 2244(d)(1)(B)-(D).

Accordingly, after reviewing Petitioner's amended petition and the applicable law, and for the above-stated reasons, this action is dismissed as untimely filed.

**WHEREFORE**, it is hereby

**ORDERED**, that for the reasons set forth above, this action is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Order on Petitioner.

**IT IS SO ORDERED**.

DATED:   July 25, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge